J. S11035/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
JAMES M. BOSWELL, : No. 4042 EDA 2017
:
Appellant :

Appeal from the PCRA Order, September 27, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0505791-1998,
CP-51-CR-0600091-1998

BEFORE: SHOGAN, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JUNE 05, 2019**

James M. Boswell appeals *pro se* from the September 27, 2017 order dismissing as untimely his serial petition[1] filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows: On February 2, 1999, appellant proceeded to a bench trial and was subsequently found guilty of three counts of aggravated assault and two counts each of carrying firearms on public streets or public property in Philadelphia, possessing instruments of crime, recklessly

---

[1] Appellant has styled his *pro se* petition as a petition for writ of *habeas corpus*.

endangering another person, simple assault, and criminal conspiracy.[2] These convictions stemmed from a March 12, 1998 incident whereby appellant and his cohort robbed the occupants of a vehicle in North Philadelphia and then fired several gunshots at the occupants and police officers who pursued them. On April 8, 1999, appellant was sentenced to an aggregate term of 46 to 92 years' imprisonment in connection with this incident. On June 1, 2000, a panel of this court affirmed appellant's convictions, but remanded for resentencing because the sentence imposed for violations of the Uniform Firearms Act exceeded the lawful statutory maximum. *See Commonwealth v. Boswell*, 760 A.2d 422 (Pa.Super. 2000). Thereafter, on December 11, 2000, the trial court resentenced appellant to an aggregate term of 45 to 90 years' imprisonment. Appellant filed a motion for reconsideration of the sentence, which was denied on June 1, 2001. Appellant did not file a direct appeal.

Appellant filed his first *pro se* PCRA petition on February 10, 2003, and counsel was appointed to represent him. The PCRA court dismissed appellant's petition as untimely on November 4, 2003, and appellant did not file a notice of appeal from the PCRA court's order. Appellant filed two more unsuccessful PCRA petitions in August 2004 and May 2008. On October 29,

---

[2] 18 Pa.C.S.A. §§ 2702(a), 6108, 907, 2705, 2701(a), and 903(a), respectively.

2013,[3] appellant filed the instant **pro se** PCRA petition, his fourth, styled as a "Petition for Writ of **Habeas Corpus ad Subjiciendum**."[4] Appellant filed said petition in the Civil Division of the Court of Common Pleas of Philadelphia County, but this matter was subsequently transferred to the Criminal Trial Division. Thereafter, on January 12, 2015, appellant filed a supplemental **pro se** petition for writ of **habeas corpus**. On June 19, 2017, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant did not file a response to the PCRA court's Rule 907 notice. Thereafter, on September 27, 2017, the PCRA court dismissed appellant's petition as untimely. This timely appeal followed on October 24, 2017.[5]

Appellant raises the following issues for our review:

1.  Was appellant's challenge to the legality of his confinement based on the absence of a written sentencing order by the sentencing court properly presented as a petition for a writ of **habeas corpus**?

2.  Whether appellant has a clear right to relief when the absence of a written sentencing order by the sentencing court in the [Department of

---

[3] The PCRA court's June 21, 2018 opinion indicates that appellant filed his petition on April 28, 2014.

[4] A "writ of **habeas corpus ad subjiciendum**" is defined as "[a] writ directed to someone detaining another person and commanding that the detainee be brought to court." Black's Law Dictionary 778 (9th ed. 2009).

[5] The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Nonetheless, on June 21, 2018, the PCRA court filed its Rule 1925(a) opinion.

> Corrections'] records is the result of an unlawful sentencing procedure?

Appellant's brief at 2 (extraneous capitalization omitted).

Generally, "the PCRA is intended to be the sole means of achieving post-conviction relief," and that "the PCRA statute subsumes the writ of ***habeas corpus***." ***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa.Super. 2013) (citations omitted); ***see also*** 42 Pa.C.S.A. § 9542 (stating, "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including ***habeas corpus*** and ***coram nobis***.").

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes

final.  *See* 42 Pa.C.S.A. § 9545(b)(1).  "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that appellant's judgment of sentence became final on July 1, 2001, 30 days after the denial of his motion for reconsideration of the sentence and when the 30-day time period for filing an appeal with this court expired.  *See* Pa.R.Crim.P. 720(A)(2)(a) (stating, "[i]f the defendant files a timely post-sentence motion, the notice of appeal shall be filed . . . within 30 days of the entry of the order deciding the motion[.]"); Pa.R.A.P. 903(a) (stating, "[e]xcept as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Accordingly, appellant had until July 1, 2002, to file a timely PCRA petition. Appellant's instant petition was filed on October 29, 2013, more than 11 years past the deadline and is patently untimely, unless appellant can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> > (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> > (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

Instantly, we find appellant has failed to properly plead, let alone prove, any of the statutory exceptions to the PCRA time-bar set forth in Section § 9545(b)(1).  (**See** PCRA court opinion, 6/21/18 at 4.)  Rather, appellant makes several general averments that his due process rights were violated and that there was no statutory authorization for his sentence, but fails to develop or provide support for these claims in either his **pro se** petition or brief.[6]  Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition as untimely.

---

[6] To the extent appellant challenges the legality of his sentence based upon his belief the Department of Corrections lacked the authority to detain him due to the absence of a sentencing order, we agree with both appellant and the PCRA court that this claim is properly addressed as a writ of **habeas corpus**.  (**See** appellant's brief at 16.)  "[A] claim that a defendant's sentence is illegal due to the inability of the DOC to produce a written sentencing order related to [his] judgment of sentence constitutes a claim legitimately sounding in **habeas corpus**." **Joseph v. Glunt**, 96 A.3d 365, 368 (Pa.Super. 2014) (citations and internal quotation marks omitted), **appeal denied**, 101 A.3d 787 (Pa. 2014).  As properly recognized by the PCRA court, however, appellant's contention that he is entitled to **habeas corpus** relief is devoid of merit:

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/19

---

Upon review, the sentence imposed was correctly docketed by the clerk of courts. The Pennsylvania Superior Court has held that even when the Department [of Corrections] does not possess a written sentencing order, it has continuing authority to detain a prisoner where a criminal docket provided by the trial court and a transcript of the sentencing hearing confirm the imposition, and legitimacy, of the prisoner's sentence. [**Joseph**, 96 A.3d] at 372. Therefore, the Department [of Corrections] retained detention authority pursuant to [**Joseph**] and [appellant] was not entitled to **habeas corpus** relief.

PCRA court opinion, 6/21/18 at 3 (citation formatting corrected).